Morphy, J.
The plaintiffs are appellants from a judgment of nonsuit rendered against them below, under the following circumstances, as disclosed by the record. On the 17th of January, 1843, they brought suit against the defendants, who reside out of the State, and levied an attachment on some lands belonging to them, lying in the parish of Catahoula. At the next term of the District Court, in March, 1843, the plaintiffs’ attorney was absent, and the defendants were not represented by attorney, or otherwise. In the mean time, the property attached had been seized on an execution in another suit, brought by Henry Thomas, Jun., against the same defendants. Wm. M. Goodrich of New Orleans, who was interested in the seizure, in favor of Thomas, came to Catahoula during the term of the court, and finding the plaintiffs’ attachment in the way of said seizure, consulted with G. Mayo, Esq., an attorney at law, in relation to the matter. On the day before the adjournment of the court, Mayo suggested to the court, that the defendants were absentees and not represented $ *100 that the plaintiffs had not appeared in person, nor by attorney ; and that it might be proper- to appoint some one to represent the defendants. The court, therefore, without any motion having been made either by the plaintiffs or defendants, asked Mayo if he would accept the appointment. The latter having accepted the appointment, immediately filed an answer, and plaintiffs not appearing by counsel, nor in person, the suit, on motion of Mayo, was dismissed. All this appears from the record to have been one continuous act, “ without turning aside to other matters.” The same entry, or order of court, contains the appointment of George Mayo, the mention of his answer having been filed, and the dismissal of the suit on account of the absence of the plaintiffs. At the succeeding term, the plaintiffs, who in the mean time had learned that their suit was dismissed, moved to have it reinstated, in which motion having failed, they prosecute the present appeal.
To say the least of these proceedings, they appear to us to have been irregular and contrary to law. As soon as an answer has been filed in the suit, the clerk must set down the cause on the docket of the court, in order that it be called in its turn, and a day fixed for its trial (Code of Prac. art. 463); and the only case in which the court can order a judgment of nonsuit against the consent of the plaintiff, is where, after the cause has been set down for trial, the plaintiff does not appear on the day fixed for such trial. Ib. art. 536. The court having, ex officio, appointed an attorney to represent the defendants at such a late day of the term, should have continued the cause in order to allow such attorney' a reasonable time to correspond with them, and also to afford the plaintiff's an opportunity of seeing the answer filed, and of preparing their evidence. The nonsuit was, in our opinion, erroneously ordered, as the cause was never legally set down on the docket of the court, and could not be fixed for trial, it clearly appearing that the appointment of an attorney to represent the defendants was made, the answer filed, and the suit dismissed at the same sitting of the court.
It is, therefore, ordered, that the judgment of the District Court be reversed and set aside; the attachment reinstated, and the *101 cause remanded to be proceeded in according to law ■; the appel-lees to pay the costs of this appeal.
Gu rrett, for the appellants.
Mayo, for the defendants.